IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROBIN DION MYERS,      )
         )
    Plaintiff,      )
         )
v.          )     CASE NO. 2:14-CV-1029-WKW
         )       (WO – Do Not Publish)
WALTER MYERS, *et al.*,      )
         )
    Defendants.      )

## MEMORANDUM OPINION AND ORDER

This is a 42 U.S.C. § 1983 lethal injection challenge. On October 3, 2014, Plaintiff Robin Dion Myers, a death row inmate in Alabama, filed a complaint for violations of his right to access to governmental proceedings under the First Amendment to the United States Constitution, his right to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution, and his right to due process and equal protection of the laws under the Fourteenth Amendment to the United States Constitution. Specifically, Myers alleges that the State intends to execute him using a lethal injection protocol that is developed in secrecy, not consistently followed, and not subject to any oversight except through court action. (Doc. # 1.) On March 10, 2015, the Alabama Supreme Court scheduled Myers's execution for June 18, 2015. (Doc. # 20-1.)

Now before the court is the State's Motion to Dismiss, which was filed on February 5, 2015.  (Doc. # 14.)  Myers filed an opposition to the State's motion on February 25, 2015, and the State replied on March 4, 2015.  (Docs. # 18, 19.)  With this motion fully briefed, and after careful consideration of the parties' arguments and the applicable case law, the court finds that the State's motion is due to be GRANTED IN PART and DENIED IN PART.

## I.     STANDARD OF REVIEW

In assessing the merits of a Rule 12(b)(6) motion, the court must assume that all factual allegations set forth in the complaint are true and construe them in a light most favorable to the plaintiff.  *See Arthur v. Thomas*, 974 F. Supp. 2d 1340, 1343 (M.D. Ala. 2013).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint need not contain "detailed factual allegations," but must include enough facts "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555.

## II.   FACTUAL AND PROCEDURAL SUMMARY

In 1994, Myers was convicted of capital murder and sentenced to death.  His conviction and sentence have been affirmed on direct review, *see Myers v. State*, 699 So. 2d 1281 (Ala. Crim. App. 1996), *aff'd sub nom. Ex parte Myers*, 699 So. 2d 1285 (Ala. 1997), *and cert. denied*, *Myers v. Alabama*, 522 U.S. 1054 (1998), and collateral review, *see Myers v. Allen*, 420 Fed. App'x 924 (11th Cir. 2011) (affirming denial of federal habeas petition), *cert. denied*, *Myers v. Thomas*, 132 S. Ct. 2771 (2012).

On September 10, 2014, the Alabama Department of Corrections amended its lethal injection protocol, changing the first drug in its three-drug cocktail to midazolam hydrochloride (from pentobarbital) and the second drug to rocuronium bromide (from pancuronium bromide).  The State announced these changes on September 11, 2014, through a motion to set Myers's execution filed with the Alabama Supreme Court.

On October 3, 2014, Myers filed a § 1983 lawsuit in this court, alleging violations of his First, Eighth, and Fourteenth Amendment rights based on the September 2014 changes to Alabama's lethal injection protocol, as well as the adequacy of the consciousness assessment that is to be performed during his execution and the secrecy surrounding Alabama's lethal injection protocol and the

drugs used to perform his execution.  Myers's execution is scheduled for June 18, 2015.

## III.   DISCUSSION

Myers's complaint asserts four claims: (1) an Eighth Amendment cruel and unusual punishment claim based on the switch to midazolam as the first drug in the State's three-drug cocktail, in which Myers claims midazolam will not sufficiently anesthetize him prior to the administration of the second and third drugs, thus creating a substantial risk that he will suffer serious harm during his execution (Count I); (2) a Fourteenth Amendment due process claim based on the State's refusal to provide Myers with unfettered access to its lethal injection protocol and his belief that he may not be notified of material changes to the execution protocol (Count II); (3) a Fourteenth Amendment equal protection claim based on the State's failure to adhere to its procedural safeguards to assess anesthetic depth (*i.e.*, the consciousness assessment), thereby selectively introducing risk into Myers's execution (Count III); and (4) a First Amendment "right of access" claim based on the State's failure to give Myers "all details about the protocol that will be used to kill him" (Count IV).  (Doc. # 1.)  For the reasons that follow, Counts II, III, and IV of Myers's complaint are due to be dismissed.

"'All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the §

1983 action has been brought.'" *Powell v. Thomas*, 643 F.3d 1300 (11th Cir. 2011) (quoting *Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008) (quotation omitted)). In Alabama, that limitations period is two years. *Id.* Moreover, in method of execution challenges, a "claim accrues on the later of the date on which state review is complete, or the date on which the capital litigant becomes subject to a new or substantially changed execution protocol." *McNair v. Allen*, 515 F.3d 1168, 1174 (11th Cir. 2008).

Myers's conviction and sentence became final in 1998 when the Alabama Supreme Court denied his petition for a writ of certiorari on direct review. Because Myers's state review became final in 1998, the statute of limitations for his § 1983 claims began to accrue on July 31, 2002, when Alabama changed its method of execution from electrocution to lethal injection and Myers became subject to execution by lethal injection rather than electrocution. Thus, absent a significant change in the State's protocol, Myers was required to file his § 1983 claims on or before July 31, 2004.

This is fatal to Myers's First Amendment and Fourteenth Amendment due process and equal protection claims. With respect to Myers's First Amendment and Fourteenth Amendment due process claims based on the secrecy surrounding Alabama's lethal injection protocol, this court and the Eleventh Circuit have already held that a change in drugs, like the one at issue here, does not salvage the

5

untimeliness of these types of claims. *See Arthur v. Thomas*, 674 F.3d 1257 (11th Cir. 2012) (implicitly affirming district court's summary dismissal of inmate's Fourteenth Amendment due process secrecy claim as untimely); *Powell v. Thomas*, 643 F.3d 1300, 1305 (11th Cir. 2011) (affirming district court's summary dismissal of similar Fourteenth Amendment due process claim because "Powell could have challenged the ADOC's secrecy surrounding the method of execution beginning July 31, 2002, as the facts supporting this cause of action should have been apparent to any person with a reasonably prudent regard for his rights[]" (internal quotations omitted)); *Frazier v. Myers, et al.*, 2:13-cv-781-WKW (M.D. Ala. Jan. 5, 2015) (Doc. # 19); *Grayson v. Sharp, et al.*, 2:12-cv-316-WKW (M.D. Ala. Jan. 7, 2015) (Doc. # 26).

Myers was on death row as of July 31, 2002, when he became subject to execution by lethal injection rather than electrocution.  Beginning on that date, Myers could have challenged the secrecy surrounding Alabama's lethal injection protocol and the State's refusal to disclose to him all details about the protocol that will be used in his execution, but he waited over twelve years to do so and only after the State filed a motion to set his execution.  These claims fall well outside of the two-year statute of limitations, and the fact that two of the drugs in the protocol were changed in September 2014 does not relieve Myers of the consequences of that fact or otherwise make these claims timely.  *See Powell*, 643 F.3d at 1305 ("Powell fails

6

to show how his claim about the secrecy surrounding the ADOC's recent change in lethal injection protocol was revived by the ADOC's . . . switch in drugs.").[1]

The same can be said for Myers's Fourteenth Amendment equal protection claim. This claim is based on the State's purported material deviations from its execution protocol in past executions, specifically, the executions of Eddie Powell in 2011 and Jeff Land in 2010, with respect to the non-performance of the third graded stimuli in the State's consciousness assessment (*i.e.*, the pinch test) and Myers's contention that the State will make the same material deviation during his execution. Yet Myers does not attempt to allege or to show how his equal protection claim based on executions that admittedly took place in 2010 and 2011 — almost four years ago, at the earliest — falls within the two-year statute of limitations. Moreover, as with his First Amendment and Fourteenth Amendment secrecy claims, the September 2014 changes to Alabama's lethal injection protocol do not revive Myers's otherwise untimely equal protection claim, as the alleged non-performance of the pinch test in Land's and Powell's executions could have been challenged

---

[1]  Alternatively, even if Myers had adequately alleged that the switch to midazolam was a substantial change to Alabama's execution protocol that somehow revived the statute of limitations for his First Amendment and Fourteenth Amendment secrecy challenges, those claims are still due to be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Wellons v. Comm'r, Ga. Dep't of Corrs.*, 754 F.3d 1260, 1267 (11th Cir. 2014) ("We agree with the judgment of the district court. Neither the Fifth, Fourteenth, or First Amendments afford Wellons the broad right 'to know where, how, and by whom the lethal injections drugs will be manufactured,' as well as 'the qualifications of the person or persons who will manufacture the drugs.'" (quoting *Lewis v. Casey*, 518 U.S. 343, 354 (1996))).

immediately after those executions, irrespective of the drugs used.  Myers, however, waited almost four years to make this challenge and, again, did so only after a motion to set his execution date was filed.  Accordingly, Myers's First Amendment and Fourteenth Amendment due process and equal protection claims (Counts II−IV) are time-barred and due to be dismissed.[2]

With respect to Myers's Eighth Amendment cruel and unusual punishment claim based on the State's intended use of midazolam, the court finds that, when taking the allegations in Myers's complaint as true, which this court must at the motion to dismiss stage, Myers has stated a plausible Eighth Amendment claim. That is not to say, however, that Myers's Eighth Amendment claim could or could not withstand scrutiny in the context of a motion to stay execution.  That issue is not presently before the court.

## IV.   CONCLUSION

Based upon the foregoing, it is ORDERED as follows:

1.      The State's Motion to Dismiss (Doc. # 14) is GRANTED as to Counts II, III, and IV of Myers's complaint, and those are claims are DISMISSED with PREJUDICE.

---

[2]      To the extent the State alleges that Myers's equal protection claim is due to be dismissed because he lacks standing to bring such a claim, the court does not find merit in this argument.

2.     The State's Motion to Dismiss (Doc. # 14) is DENIED as to Count I of Myers's complaint.

3.     To the extent Myers intends to file a motion to stay his execution, as he indicated in the notice filed on March 10, 2015, he shall do so on or before **March 20, 2015**, and shall limit any such motion to the merits of his sole remaining Eighth Amendment claim.  If the State opposes a stay, it shall file its opposition to Myers's motion to stay, along with supporting evidence, on or before **March 27, 2015**.

DONE this 13th day of March, 2015.

_____
/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE
